**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**THERON SAPP,**

      **Plaintiff,**

**vs.**                        **Case No. 4:12cv361-MW/CAS**

**MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

On July 19, 2012, Petitioner Theron Sapp, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges his conviction and sentence imposed by the Second Judicial Circuit Court, Leon County, on January 17, 2006, following a jury trial. Doc. 30 Ex. A at 84-99. Petitioner filed a response to this Court's order directing him to show cause why his petition should not be dismissed as untimely, and asserted "extraordinary circumstances" prevented him from timely filing his petition. Doc. 5. Ultimately, Respondent was directed to respond, Doc. 21, and filed a motion to dismiss the § 2254 petition as untimely, with exhibits. Doc. 30. Petitioner filed a reply to that motion and argues that his § 2254 petition should not be dismissed as untimely because he is entitled to equitable tolling. Doc. 31.

The matter is referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  The pleadings and attachments before the Court show that the petition is untimely and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts. (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

By information filed on May 13, 2004, the State of Florida charged Petitioner in Leon County Circuit Court case number 04CF1510 with seven counts: (1) attempted first degree murder on a law enforcement officer; (2) attempted first degree murder on another law enforcement officer; (3) resisting an officer with violence; (4) driving while license is revoked; (5) fleeing or attempting to elude an officer; (6) fleeing or attempting to elude another officer; and (7) giving a false name or identification to an officer.  Doc. 30 Ex. A at 1-2.  On October 12, 2005, Petitioner proceeded to a jury trial, and the jury found him guilty of the lesser included offenses of aggravated battery with a deadly weapon on a law enforcement officer for count one, and aggravated assault with a deadly weapon on a law enforcement officer for count two.  *Id.* at 63-66.  The jury found Petitioner guilty as charged on all remaining counts.  *Id.* at 67-71.  On January 17, 2006, the circuit court adjudicated Petitioner guilty and sentenced him to forty years in prison on count one, thirty years on count two, ten years on count three, ten years on count four, and one year for counts five through seven, respectively, with the sentences on all counts to run concurrently.  *See id.* at 84-99.

On February 17, 2006, Petitioner filed a direct appeal in the First District Court of Appeal (DCA), assigned case number 1D06-0793.  *See* online docket for 1D06-0793 at www.1dca.org.  On November 8, 2006, Petitioner's appointed counsel filed an initial brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), requesting permission to withdraw and dismiss the appeal.  *See* online docket for 1D06-0793 at www.1dca.org.  On January 22, 2007, Petitioner's appointed counsel filed an amended Anders brief and a motion to allow Petitioner to file a pro se brief.  Doc. 30 Ex. F.  On May 25, 2007, Petitioner filed his pro se brief, Doc. 30 Ex. G, and on November 30, 2007, the First DCA issued a per curiam affirmance without opinion.  Doc. 30 Ex. H; Sapp v. State, 971 So. 2d 121 (Fla. 1st DCA 2007) (table).  Petitioner filed a motion for rehearing en banc which the First DCA denied by order on January 7, 2008.  *See* online docket for 1D06-0793 at www.1dca.org; Doc. 30 Ex. I at 1-4.  The mandate issued on January 23, 2008.  *See* online docket for 1D06-0793 at www.1dca.org; Doc. 30 Ex. J.

Petitioner filed a post-conviction motion pursuant to Florida Rule of Criminal Procedure Rule 3.850, in the state circuit court on May 22, 2009.  Doc. 30 Ex. K at 1-24.  The circuit court denied that motion on June 7, 2011.  *Id.* at 33.  Petitioner appealed the denial to the First DCA, which affirmed the case without opinion on January 11, 2012, in case number 1D11-3521.  *Id.*; Sapp v. State, 77 So. 3d 1261 (Fla. 1st DCA 2012) (table).  The mandate issued on February 7, 2012.  *See* online docket for 1D11-3521 at www.1dca.org.

Petitioner filed his § 2254 petition on July 19, 2012.  Doc. 1.  This Court directed Petitioner to show cause why the proceeding should not be dismissed because the § 2254 appears untimely.  Doc. 4.  In the response filed on October 10, 2012, Petitioner argued

that his § 2254 petition should not be dismissed as untimely because his time away from his "law work materials" constitutes "extraordinary circumstances," entitling him to equitable tolling. Doc. 5. On October 30, 2013, Respondent filed a motion to dismiss the § 2254 petition as untimely, arguing that Petitioner is not entitled to equitable tolling. Doc. 30. Petitioner filed a reply on December 9, 2013, reiterating his previous argument that extraordinary circumstances precluded him from filing a timely § 2254 petition, and additionally, that he is "actually innocent" of the substantive offense. Doc. 31.

## Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). This period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[,]" though there are later commencement dates. *Id.* at § 2244(d)(2).[1] The limitations period is tolled for the time during which a "properly filed" application for postconviction relief or other collateral review is pending in state court. *Id.*

Petitioner's conviction became final and triggered the AEDPA limitations period when the time for seeking certiorari review in the U.S. Supreme Court expired on April 7, 2008, ninety days after the First DCA denied rehearing on January 7, 2008. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13. The AEDPA limitations period ended one year later on

---

[1]Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)–(D). Petitioner does not argue any of the foregoing exceptions apply.

April 7, 2009. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"). Absent a later commencement date or other tolling activity, by the time Petitioner filed his Rule 3.850 motion on May 22, 2009, there was no time remaining to be tolled. *See, e.g.*, Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). Thus, Petitioner's § 2254 petition, filed over three years after the AEDPA one-year limitations period expired, is untimely.

Petitioner argues that he was unable to timely file his § 2254 petition and thus, that he is entitled to equitable tolling because he was transferred to a different correctional facility without his "law work materials." *See supra* page 3. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis and internal quotations omitted)).

Petitioner has not shown that he diligently pursued his rights under the AEDPA. Petitioner alleges that, after he was transferred to a "faith base[d] (church oriented) program" without his law work materials in April 2008, he was unable to file any petition for post-conviction relief until he returned to the original correctional facility approximately one year later. Doc. 5 at 3-4. After returning to his materials at the original correctional facility,

however, Petitioner waited more than a month before filing his Rule 3.850 motion in state court. Furthermore, after the mandate issued on Petitioner's Rule 3.850 motion, he waited another five months before filing his § 2254 petition in federal court. *See* Logreira v. Sec'y, Dept. of Corr., 161 F. App'x 902, 904 (11th Cir. 2006) (finding that a petitioner who waited six months after the state court denied his post-conviction motion before filing his § 2254 petition in federal court did not demonstrate reasonable diligence).

Additionally, Petitioner has not shown that some extraordinary circumstance prevented him from timely filing his § 2254 petition. Petitioner does not claim that he was involuntarily transferred from the original correctional facility or that he could not have taken the law materials with him to the faith-based program. Furthermore, Petitioner indicates that he could have returned to the original correctional facility but voluntarily chose not to until he completed his faith-based program. *See* Doc. 5. at 3-4 ("Petitioner had to finish 'faith-base[d]' program . . . *or sign out to go back* to [the original correctional facility] to be reunited with his law work materials[.]" (emphasis added)). Even if Petitioner was unable to return to his legal materials, he does not support the proposition that such separation from his legal materials constitutes an extraordinary circumstance. *See* Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) ("[P]eriods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." (citing Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000))).

Petitioner has not carried his burden of showing either that he diligently pursued his rights under the AEDPA, or that some extraordinary circumstance kept him from timely filing his § 2254 petition. *See* Helton v. Sec'y for Dept. of Corr., 259 F.3d 1310, 1313 (explaining petitioner must establish his own diligence in complying with the AEDPA

limitations period); *see also* <u>Hutchinson v. Florida</u>, 677 F.3d 1097, 1099 (11th Cir. 2012) (noting that petitioner has the burden of establishing the right to equitable tolling of the AEDPA limitations period).   Instead, Petitioner claims that his circumstances were "extraordinary" without alleging any specific facts showing that he could not actually file a timely § 2254 petition.  *See* <u>Chavez v. Sec'y., Fla. Dept. of Corr.</u>, 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory).  Thus, Petitioner is not entitled to equitable tolling.

Petitioner also argues that his § 2254 petition should not be dismissed as untimely because he is "actually innocent."   A litigant can overcome the AEDPA's one-year limitations period by showing actual innocence.  <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924, 1943 (2013).   To show actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).   Petitioner claims that he is actually innocent without providing any new, reliable evidence to support his claim.  *See* <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1172 (11th Cir. 2001).  Thus, Petitioner does not demonstrate an actual innocence claim and dismissal of his § 2254 claim is proper.

## Conclusion

The § 2254 petition is untimely. Additionally, Petitioner does not demonstrate that he is entitled to equitable tolling or that he is actually innocent.  Thus, Respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed as untimely.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing (citation omitted)).[2] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

---

[2] It is recommended that the petition be dismissed solely on the procedural basis of timeliness. As a result, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 30) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**DONE AND ORDERED** on February 19, 2014.


**S/    Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**